IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**

     **Plaintiff,**

**v.**                                                              **No. CR 09-2474 RB**

**JOSE ANTONIO CAMPBELL,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Jose Antonio Campbell's (hereinafter "Mr. Campbell's") Motion for Bill of Particulars (Doc. 44), filed on December 13, 2009. On December 28, 2009, the government filed a response in opposition to this motion. Having considered the submissions of the parties, relevant law, and being otherwise fully informed, the Court finds that Mr. Campbell's motion for bill of particulars should be denied.

**I.     Background.**

According to the criminal complaint filed in this matter, on May 28, 2009, Mr. Campbell and Co-defendant Garfield Wayne Bernard (hereinafter "Mr. Bernard"), entered the New Mexico Motor Transportation Division's Inspection Station on Interstate 10 in Lordsburg, New Mexico in a semi-trailer truck. (Doc. 1.) Mr. Bernard was driving. (*Id*.) Mr. Campbell was the co-driver and passenger. (*Id*.) Upon inspection, New Mexico Motor Transportation Division Officer Ben Strain noticed that each man's logbook contained inconsistencies and that the shipper's seal was missing from the back of the trailer. (*Id*.) During the trailer inspection, Officer Strain found unmarked boxes that were inconsistent with the legitimate load. (*Id*.) The boxes contained 270 kilograms of marijuana. (*Id*.) Mr. Campbell and Mr. Bernard were arrested and charged in this Court by criminal

complaint.  (*Id.*)

On August 27, 2009, the grand jury returned a two-count indictment charging Mr. Campbell and Mr. Bernard with: Count 1 - conspiracy to commit possession with intent to distribute more than 100 kilograms of marijuana; and Count 2 - possession with intent to distribute more than 100 kilograms of marijuana, and aiding and abetting. (Doc. 20.)  At his September 8, 2009 arraignment, Mr. Campbell pleaded not guilty.  (Doc. 26.)  Mr. Campbell and Mr. Bernard are set for trial on the February 16, 2010 trailing docket.  (Doc. 45.)

**II.     Discussion.**

Mr. Campbell argues that Count 2 of the indictment, which contains the possession with intent to distribute marijuana and aiding and abetting charges, is insufficient to allow him to prepare a defense.  Mr. Campbell requests that this Court order the government to file a bill of particulars specifying the facts supporting the charges of possession with intent to distribute marijuana and aiding and abetting.

Federal Rule of Criminal Procedure 7(f) states that "the defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." *Id.* If Mr. Campbell believed that Count 2 of the indictment was defective, it was incumbent upon him to file a motion for a bill of particulars within 14 days of his arraignment, or at a later time if the court permitted. Because Mr. Campbell filed his motion more than three months after his arraignment, and did not request an extension of time to do so, the motion is untimely.

In addition to being untimely, the motion is without substantive merit. An indictment is sufficient if it, "first, contains all of the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*,

549 U.S. 102, 108 (2007) (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)). The statutory language can be used to set forth the elements as long as the words of the statute itself are not ambiguous or uncertain as to the intended offense. *Id.; see also United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (stating that an indictment is sufficient if it "sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial.").

A court measures the sufficiency of an indictment according to "practical rather than technical considerations." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). A bill of particulars is not a discovery device. *Id.* The Court has broad discretion in deciding whether to grant a motion for a bill of particulars. *Id.* A defendant is entitled to know the government's theory of the case, not all of the evidence underlying that theory. *Levine*, 983 F.2d at 167. The Tenth Circuit will leave a district court's denial of a bill of particulars undisturbed unless the defendant is actually surprised and thereby prejudiced at trial. *Levine*, 983 F.2d at 166.

Here, the indictment sufficiently apprises Mr. Campbell of the charges facing him. Count 1 of the indictment charges Defendant with conspiracy to possess with intent to distribute 100 kilograms and more of marijuana, a controlled substance. Count 2 charges Mr. Campbell with possession with intent to distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. The indictment names Mr. Campbell and Mr. Bernard and defines the date and place of illegal activity as May 28, 2009 in Hidalgo County in the District of New Mexico. It is material that both charges of the indictment clearly identify Mr. Campbell, the date and place of the charged offenses, and the amount and type of controlled substance. The charges are clear and provide adequate notice to allow Mr. Campbell to prepare his defense. Under these circumstances, the indictment is sufficient as a matter

of law.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Bill of Particulars (Doc. 44), filed on December 13, 2009, is **DENIED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**